Roy E. MERRITT, et al., Plaintiffs-Appellees, Cross-Appellants,

v.

The INTERNATIONAL BROTHERHOOD OF BOILERMAKERS, et al., Defendants-Appellees,

Dixon L. Pyles and C. R. McRae, Defendants-Appellants, Cross-Appellees.

No. 80–3170
Summary Calendar.

United States Court of Appeals, Fifth Circuit. Unit A

June 2, 1981.

Dixon L. Pyles, Betty Tucker, C. R. McRae, Jackson, Miss., pro se.

Donald G. Cave, Baton Rouge, La., for Int'l Bros.

Blake & Uhlig, Steve A. J. Bukaty, Kansas City, Kan., for plaintiffs-appellees, cross-appellants.

Before CHARLES CLARK, REAVLEY and WILLIAMS, Circuit Judges.

PER CURIAM:

This is an appeal from an order of the district court affirming a magistrate's award of expenses and attorney's fees under Fed.R.Civ.P. 37(a)(4) to defendants herein, who were successful in their motion to compel plaintiffs to answer interrogatories. We affirm.

I.

Attorneys Pyles and McRae, appellants herein, represented plaintiffs-appellants Merritt, Gill, Applin, Howell, Castilaw, Smith, and Thompson in a class action suit against the International Brotherhood of Boilermakers, various union officials, and numerous employers. The gravamen of their complaint was that the defendants had infringed their rights under federal labor law and discriminated against them in violation of 42 U.S.C. §§ 1981 and 1985(3).[1]

Plaintiffs' original complaint was filed on December 26, 1973. After extensive pretrial proceedings had occurred, plaintiffs amended their complaint for the second time on January 10, 1977. Plaintiffs' second amended and supplemental complaint was 50 pages in length and added, as additional defendants, 95 construction companies. On motion of the newly added defendants, the district court reopened discovery.

On March 1, 1977, the Boilermakers and its officers filed their first set of interrogatories, consisting of 343 questions with subparts totaling 2,112 questions.[2] A month later, when defendants had received no response to their interrogatories, they filed a motion to compel discovery. The district court granted the motion, directing plaintiffs to respond within 14 days. This time period was later extended to May 1, 1977.

On May 2, 1977, plaintiffs sought a protective order either to disallow discovery by interrogatories or to extend indefinitely the time within which to answer. Because the district court was occupied with motions involving other defendants in the suit, plaintiffs' motion for a protective order was not ruled upon for another six months. At that time, the district court denied the motion and directed plaintiffs to respond to the interrogatories by December 27, 1977. Seven days before the deadline, two of the named plaintiffs, Merritt and Castilaw, filed answers, responses and objections to the interrogatories through attorneys Pyle and McRae.[3]

---

1. Plaintiffs also alleged that defendants had violated various Mississippi constitutional and statutory provisions.

2. The interrogatories largely track the allegations in plaintiffs' prolix second amended and supplemental complaint, and request the factual basis upon which they rely for each of their allegations.

3. No other plaintiffs were parties to this document. Out of the 343 interrogatories propounded, attorneys Pyles and McRae made objections to 293 questions. These objections were largely the same as those raised in plaintiffs' unsuccessful motion for a protective order, e. g., that the interrogatories were designed to intimidate, hinder, harass, and embarrass.

The labor union filed its second motion to compel discovery on January 23, 1978, requesting that plaintiffs' objections be overruled, that the plaintiffs other than Merritt and Castilaw be required to answer, that the court award it reasonable expenses pursuant to Fed.R.Civ.P. 37(a)(4), and that the court impose appropriate sanctions under Fed.R.Civ.P. 37(b) and (d). In responding to this motion, plaintiffs denied that the defendant-union was entitled to relief and reiterated their objections to the interrogatories. The motion to compel discovery was subsequently referred to a magistrate under 28 U.S.C. § 636(b)(1)(A) for determination.

On April 23, 1979, 15 months after the motion to compel discovery and for sanctions had been filed and 26 months after the interrogatories had been served on plaintiffs, the magistrate entered an order sustaining in part and denying in part the defendant-union's motion to compel discovery. In his order, the magistrate ordered plaintiffs to respond to all but 75 of the 2,112 interrogatories and subparts by May 14, 1979. Pursuant to Rule 37(a)(4), the magistrate found that the plaintiffs, except Merritt and Castilaw, lacked substantial justification for their failure to respond to the interrogatories and for their opposition to the motion to compel discovery. Moreover, the magistrate concluded that, with very few exceptions, the objections to the interrogatories made by plaintiffs' counsel were not well taken. Also the magistrate noted that the "failure of the eight named plaintiffs to respond [to the interrogatories was] more the result of the failure of their counsel to contact them for the purpose of obtaining their responses than of any recalcitrance on their part." Concluding that, on a motion to compel discovery, the award of expenses to the successful party is mandatory under Rule 37(a)(4), absent a finding that opposition to the motion was substantially justified or that under the circumstances the award of expenses would be unjust, the magistrate ordered that an award of reasonable expenses incurred in connection with the motion to compel discovery, including attorney's fees, should be made to the labor union. A hearing was scheduled for July 30, 1979, for the purpose of apportioning the expenses between the plaintiffs and their attorneys.[4]

Although local rules provided for an appeal to the district judge for any party aggrieved by a ruling of a magistrate, no appeal was made from the magistrate's order on April 23, 1979.

After two more extensions of time, the plaintiffs had still failed to answer to the interrogatories as ordered by the magistrate on April 23, 1979. Therefore, on July 5, 1979, the defendants filed a Rule 37(b)(2)(C) motion to dismiss for failure to comply with discovery orders. This motion was assigned to the magistrate, who reset the Rule 37(a)(4) expenses hearing for November 16, 1979.

On August 29, 1979, the magistrate issued a report to the district judge recommending that plaintiffs' suit be dismissed with prejudice for failure to prosecute and as a sanction under Rule 37(b). On the same date, the magistrate entered an order allowing attorneys Pyles and McRae to withdraw as counsel for plaintiffs. In his report and recommendations, the magistrate stated that, although the attorneys' motion to withdraw was being granted, "it is explicitly provided that it is not to be interpreted as relieving counsel from any liability for sanctions already incurred, concerning which applications or motions are now pending." On September 20, 1979, the district court dismissed plaintiffs' suit and adopted the magistrate's report and recommendations as its opinion, noting that no objections to the magistrate's report were filed by any party. The district court's order made clear that it was to be considered a final judgment in all respects with

4. The magistrate declined to impose any sanctions on plaintiffs pursuant to Fed.R.Civ.P. 37(b) and (d), other than ordering plaintiffs and their attorneys to pay the defendant-union's reasonable expenses, including attorney's fees.

the exception of numerous defense motions for attorney's fees.[5]

On November 16, 1979, a hearing was held pursuant to the magistrate's order of April 23, 1979, for purposes of determining defendant-union's reasonable expenses in connection with its successful motion to compel discovery. On November 20, 1979, the magistrate entered an order, which readopted his earlier findings of April 23, 1979, and further found that attorneys Pyles and McRae prepared the plaintiffs' responses to the union's interrogatories and that the attorneys, in advising plaintiffs and preparing the responses, were substantially unjustified in opposing the motion to compel discovery. Therefore, the magistrate held that the two attorneys were jointly and severally liable with the plaintiffs for the union's reasonable expenses in connection with the motion to compel discovery. The magistrate found the union's reasonable expenses to include attorney's fees at a rate of $40 an hour for 20.5 out-of-court hours and $200.02 in mailing costs. However, because the defendant-union's motion to compel discovery was denied in part—plaintiff's objections to 15% of the 2,112 interrogatories and subparts were sustained—the magistrate ordered that the plaintiffs and their two attorneys were to pay 85% of the union's

expenses in connection with the discovery motion, which equaled $851.72.

The district court overruled plaintiffs' objections to the magistrate's order on January 24, 1980. Plaintiffs and the two attorneys appeal the district court's order contending: (1) that the magistrate was without authority to award expenses and attorney's fees as a discovery sanction after the district court entered final judgment dismissing the suit, and (2) that, even if the magistrate possessed such authority, it was an abuse of discretion for the magistrate to award expenses and attorney's fees in connection with the motion to compel discovery since there was no finding of bad faith on the part of plaintiffs or their attorneys in failing to answer the interrogatories.[6]

## II.

■ Appellants argue that the magistrate lacked authority to enter the order on November 23, 1979, awarding reasonable expenses and attorney's fees to the defendant-union, in connection with its motion to compel discovery, after the district court entered a final judgment on September 20, 1979, dismissing the suit. We cannot agree.

■ Despite appellants' contentions to the contrary, the magistrate possessed the authority under 28 U.S.C. § 636(b)(1)(A)[7] to

---

5. The dismissal was without prejudice to members of the plaintiff class. In its order, the district court adjudged the named plaintiffs to be inadequate class representatives and decertified the plaintiff class.

6. Attorneys Pyles and McRae also argue that the magistrate erred by not awarding them $1,000 in attorney's fees and travel expenses to Greenville, Mississippi from Jackson, Mississippi, and back in connection with their appearance to contest the defendants' motion to dismiss on July 5, 1979. Argument on the two attorneys' motion for fees and expenses was heard on November 16, 1979, the same date as the hearing for the award of expenses under Rule 37(a)(4).

The attorneys' argument is without merit. While Fed.R.Civ.P. 37(a)(4) provides for recovery of reasonable expenses and attorney's fees from parties (and/or their attorneys) against whom a motion to compel discovery is rendered, it does not provide any basis for costs and attorney's fees, as asserted by Pyles and McRae, since they and their clients were

parties or persons against whom the motion to compel discovery was rendered.

Even if arguably there were some provision in the Rule authorizing an award of expenses and attorney's fees as contended by Pyles and McRae, a decision refusing such an award would be reviewable only for an abuse of discretion. See, e. g., *Hughes Aircraft Co. v. Messerschmitt-Boelkow-Blohm,* 625 F.2d 580, 584–85 (5th Cir. 1980). In view of the fact that the two attorneys and their clients were being held liable for failure to make discovery, the magistrate's order refusing them attorney's fees and travel expenses for their appearance to contest a motion for discovery sanctions was not an abuse of discretion.

7. 28 U.S.C. § 636(b)(1)(A) provides:

"Notwithstanding any provision of law to the contrary—... a judge may designate a magistrate to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dis-

enter non-dispositive discovery orders. Pretrial orders of a magistrate under § 636(b)(1)(A) are reviewable under the "clearly erroneous and contrary to law" standard; they are not subject to a *de novo* determination as are a magistrate's proposed findings and recommendations under § 636(b)(1)(B).[8] *See Calderon v. Waco Lighthouse for the Blind*, 630 F.2d 352, 354–55 (5th Cir. 1980).

The appellants' argument fails to address and consider the chronology of events. In his order of April 23, 1979, which granted the union's motion to compel discovery, the magistrate determined that the union as the unsuccessful party should be awarded its reasonable expenses in connection with the motion, including attorney's fees. Under Rule 37(a)(4), the magistrate could not enter such an award without an opportunity for a hearing.[9] The fact that the hearing pursuant to Rule 37(a)(4) was not conducted until after the suit was dismissed does not affect the validity of the magistrate's ruling on April 23.

Moreover, in his report and recommendation on defendants' motion to dismiss for want of prosecution and as a discovery sanction, adopted by the district court as its opinion when it dismissed the suit, the magistrate, in noting that attorneys Pyles and McRae had been allowed to withdraw as plaintiffs' counsel, stated that he explicitly reserved the right to determine their liability for sanctions in pending motions. Appellants have cited no authority that would bar a post-judgment assessment of discovery expenses under Rule 37(a)(4) where, prior to judgment, the court made a finding of liability and reserved ruling on the precise amount of the sanction.

We find language in *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980), to be dispositive of this issue. In *Roadway Express*, the defendant filed a motion to dismiss plaintiffs' suit as a Rule 37(b) sanction because plaintiffs had failed to answer interrogatories in disregard of the district court's order. In the same motion, the defendant requested an award of costs and attorney's fees under Rule 37(b).[10] After a hearing on June 30,

miss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate's order is clearly erroneous or contrary to law."

**8.** 28 U.S.C. § 636(b)(1)(B) provides:
"Notwithstanding any provision of law to the contrary—... a judge may also designate a magistrate to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A), of applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement."

**9.** Fed.R.Civ.P. 37(a)(4) provides:
"*Award of Expenses of Motion.* If the motion is granted, the court shall, after opportunity for hearing, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving

party the reasonable expenses incurred in obtaining the order, including attorney's fees, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust.
"If the motion is denied, the court shall, after opportunity for hearing, require the moving party or the attorney advising the motion or both of them to pay to the party or deponent who opposed the motion the reasonable expenses incurred in opposing the motion, including attorney's fees, unless the court finds that the making of the motion was substantially justified or that other circumstances make an award of expenses unjust.
"If the motion is granted in part and denied in part, the court may apportion the reasonable expenses incurred in relation to the motion among the parties and persons in a just manner."

**10.** Fed.R.Civ.P. 37(b), which sets forth sanctions for failure to comply with a discovery order of the court, provides, in pertinent part:
"In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the

1976, the district court dismissed the plaintiffs' civil rights class action with prejudice. Several months later, in October of 1976, the district court held a hearing on the question of costs and attorney's fees. After the hearing, the court ordered the plaintiffs' lawyers to pay defendant's costs and attorney's fees for the entire suit, $17,000.

Although holding that the district court's award of costs and attorney's fees could not stand because it had incorrectly construed the civil rights attorney's fees statutes[11] together with 28 U.S.C. § 1927[12] to justify its award against plaintiffs' counsel, the Supreme Court indicated that the district court would have the authority to impose such an award under Rule 37(b) on remand.[13] *Roadway Express*, 447 U.S. at 763, 100 S.Ct. at 2462–63. In making this statement, the Supreme Court implicitly recognized the authority of the district courts to make post-judgment assessments of discovery expenses and attorney's fees under Rule 37.

Since discovery issues are by definition pretrial matters, the magistrate possessed authority under 28 U.S.C. § 636(b)(1)(A) to assess reasonable expenses and attorney's fees under Rule 37(a)(4), even after judgment was rendered in the case. Although judgment had been entered in the action, the question of discovery expenses under Rule 37(a)(4) was still a "pretrial matter pending before the court ...," 28 U.S.C. § 636(b)(1)(A), because the magistrate had expressly in his order of April 23, 1979, reserved ruling on the precise amount of discovery expenses to be awarded. The magistrate's April 23 order was never appealed to the district court.

Moreover, even if the determination of discovery expenses lost its status as a pretrial matter due to the entry of final judgment, it was still proper for the magistrate to determine the discovery expenses in accordance with 28 U.S.C. § 636(b)(3), which states that "[a] magistrate may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States."

### III.

Appellants also attack the magistrate's determination that they are liable for the union's reasonable expenses and attorney's fees in connection with the motion to compel discovery on the ground that the award of such expenses must be premised on a finding of bad faith. Appellants cite *Societe Internationale Pour Participations Industrielles et Commerciales v. Rogers*, 357 U.S. 197, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958), for the proposition that Rule 37 sanctions can only be imposed upon a finding of bad faith.

We find appellant's argument to be without merit. *Societe Internationale* actually stands for the much narrower proposition that *the sanction of dismissal* under Fed.R. Civ.P. 37(b)(2)(C) cannot be imposed where noncompliance with a court's discovery order is due to inability to comply, "and not to willfulness, bad faith, or any fault ...." 357 U.S. at 212. *See, e. g., Griffin v. Aluminum Co. of America*, 564 F.2d 1171 (5th Cir. 1977). We are not faced here with the sanction of dismissal with prejudice under Rule 37(b)(2)(C). Instead, we deal with an award of expenses under Rule 37(a)(4) in

---

failure was substantially justified or that other circumstances make an award of expenses unjust."

11. 42 U.S.C. §§ 1988, 2000e–5(k).

12. 28 U.S. § 1927 provides:
"Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case as to increase costs unreasonably and vexatiously may be required by the court to satisfy personally such excess costs."

13. The Supreme Court in *Roadway Express* also held that the district court's award of costs and attorney's fees could not be upheld under the "bad faith" exception to the general rule in federal courts that a litigant cannot recover his counsel fees, absent a statutory authorization because the district court had not made a specific finding as to whether the attorney's conduct constituted bad faith. 447 U.S. at 766, 100 S.Ct. at 2464–65.

connection with a motion to compel discovery.

■ A reading of the Rule leads to the inescapable conclusion that the award of expenses is mandatory against a party whose conduct necessitated a motion to compel discovery, and/or against the attorney who advised such conduct, "unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust." Fed.R.Civ.P. 37(a)(4). After reviewing this record we cannot say that the magistrate's findings that appellants were not substantially justified in their opposition to the union's motion to compel discovery, or that the circumstances do not make the award of expenses unjust, are clearly erroneous or contrary to law.[14]

■ Moreover, although appellants make numerous contentions as to the impropriety of the magistrate's order of April 23, 1979, which partially granted and partially denied the union's motion to compel discovery and which found that appellants lacked substantial justification in opposing the motion, they neither appealed this order to the district court nor appealed the final dismissal of the suit, asserting error in the April 23 order as a ground for relief. Therefore, appellants have waived any arguments relating to the correctness of the magistrate's rulings in the April 23 order. *See United States v. Lewis*, 621 F.2d 1382, 1386 (5th Cir. 1980); *John B. Hull, Inc. v. Waterbury Petroleum*, 588 F.2d 24, 29–30 (2d Cir. 1978), *cert. denied*, 440 U.S. 960, 99 S.Ct. 1502, 59 L.Ed.2d 773 (1979).

■ Finally, the named plaintiffs in the suit seek to avoid liability for the defendant-union's expenses and attorney's fees in connection with the motion to compel discovery by shifting the blame for failure to answer the interrogatories to their two attorneys, Pyles and McRae. They argue

that the attorneys solely should be liable for the discovery expenses due to the plaintiffs' lack of legal skill and lack of daily contact with the litigation because of their widespread geographic locations. However, nothing in the record indicates that attorneys Pyles and McRae were acting outside the scope of the authority delegated to them by the plaintiffs. Therefore, we find no reason to except the plaintiffs from the general rule that a party is bound by the actions of his attorney. *See Link v. Wabash Railroad Co.*, 370 U.S. 626, 633–34, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734 (1962).

Finding no error below, the order of the district court is AFFIRMED.

---

14. Moreover, bad faith could be inferred under the circumstances of this case where appellees had a full 28 months in order to answer the interrogatories from the time they were served (March 1, 1977) to the time the motion to dismiss for failure to complete discovery was filed on July 5, 1979. *Cf. National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976) (interrogatories remained unanswered for over 17 months despite numerous eleventh hour extensions).