**Alex JOHN, Jr., Plaintiff,**

v.

**STATE OF LOUISIANA, et al., Defendants,**

**David T. Lopez, Movant–Appellant.**

No. 89–4754

**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

May 4, 1990.

Rehearing Denied June 13, 1990.

David T. Lopez, David T. Lopez & Associates, Houston, Tex., pro se.

Robert A. Kutcher, Bronfin, Heller, Steinberg & Berins, New Orleans, La., Edward Larvadain, Jr., Alexandria, La., for plaintiff.

Before POLITZ, GARWOOD and JOLLY, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

David T. Lopez, an attorney, appeals the imposition of $11,337.30 in sanctions against him. Lopez represented an employment discrimination plaintiff, Dr. Alex John, Jr., whose suit was twice dismissed for the plaintiff's failure to make timely filings. When Lopez appealed the last dismissal of his case to this court, we reversed the dismissal as a sanction and remanded "for consideration of appropriate sanctions against Dr. John's counsel." On remand, Dr. John obtained new counsel for his discrimination claim, and the sanctions issue

was referred to a magistrate. The magistrate conducted an evidentiary hearing and recommended that sanctions be imposed, and the district court entered judgment accordingly. Lopez argues that the magistrate lacked jurisdiction; that he himself had insufficient notice of the sanctions proceeding; that the magistrate's findings that Lopez failed to comply with local rules and standing instructions of the judge were clearly erroneous; and that the imposition of sanctions, under the circumstances, was an abuse of discretion by the district court. We affirm.

I

The procedural history of this case is lengthy but adds to the understanding of the issues we decide. In February 1982, Dr. Alexander John filed suit against Northeast Louisiana University alleging constructive discharge motivated by racial discrimination. Approximately one year later, before the suit had gone to trial, David Lopez was substituted as counsel for John. Trial was set for July 1983, with the agreed to pretrial order due June 30, 1983. On that date, the court received a pretrial order signed only by the plaintiff. It had never been presented to the defendants. The court removed the case from its trial docket and later that year rescheduled trial for January 1984. A new pretrial conference was set for December 15, 1983. At this conference, it was agreed that the case would be removed from the trial docket and dealt with on cross-motions for summary judgment. The plaintiff was ordered to take depositions by January 10, 1984, and file a summary judgment motion within thirty days thereafter.

No deposition had been taken by January 10, 1984. The plaintiff sought and received extensions until January 23 for depositions and February 16 for filing his summary judgment motion. No summary judgment motion was ever filed by the plaintiff. The defendants filed a motion for summary judgment on May 15, 1984, which was granted as unopposed in June 1984. Oral argument before the district court was cancelled because the plaintiff never filed a motion for summary judgment, despite his having been advised that failure to file would result in dismissal. The Fifth Circuit reversed and remanded the case for determination on the merits. *John v. Louisiana*, 757 F.2d 698 (5th Cir.1985).

On remand, the case was transferred to a different judge who arranged a status conference for October 1985. The case was set for trial in April 1986, with the pretrial order due March 14, 1986. No new pretrial order was ever filed and the suit was dismissed on March 25, 1986, for failure to prosecute. In April it was reinstated at the plaintiff's request with trial set for December of 1986.

After a September pretrial conference, the district court filed a minute entry on November 18, 1986 setting forth actions to be taken before trial. The plaintiff was advised that he would have to convert his witness list from "may call" witnesses to "will call" witnesses by December 8, 1986, and he would have to respond to defendants' motion *in limine* by December 1. The plaintiff was also advised that because of one of the defendant's possible immunity, he was to provide authority that the defendant lacked immunity with his proposed findings of fact and conclusions of law. Elsewhere in the minute entry the parties were required to amend general factual allegations in the plaintiff's pretrial order by specifying in detail particular factual contentions in issue. The minute entry stated "[t]hese amendments shall be included in the parties' proposed findings of facts and conclusions of law." Because the parties agreed to use the proposed findings of facts to inform each other of their contentions, they waived the confidentiality customarily accorded proposed findings.

On December 8, 1986, the defendants filed a converted witness list and proposed findings of fact and conclusions of law. The plaintiff filed his opposition to defendants' motion *in limine* but did not provide either a converted witness list or proposed conclusions of law and findings of fact.

On the day of trial, the judge questioned Mr. Lopez about his failure to convert the witness list and to file proposed findings of

fact and conclusions of law. The defendants claimed that they had been prejudiced by the plaintiff's failure to timely file these documents, because they had inadequate time to prepare cross-examination and they had no indication of the plaintiff's factual allegations that would support his legal claims. Lopez explained that he understood proposed findings to be due after trial, that he could not convert his witness list because he was not certain that he could produce all his witnesses, and that he had then been ill with a severe case of the flu.

The court found that the defendants had been prejudiced by the plaintiff's failure to file the required documents and dismissed the case with prejudice. On appeal, this court reversed the dismissal with prejudice; since this sanction was against the plaintiff himself it could not be imposed in the absence of any finding of delay or contumacious conduct on the plaintiff's part. We further remanded for consideration of appropriate sanctions against the plaintiff's counsel, Mr. Lopez. *John v. State of Louisiana,* 828 F.2d 1129, 1133 (5th Cir.1987).

It is the proceedings that followed that remand from which this appeal is taken. On November 30, 1987, the district court referred the issue of sanctions to a magistrate. When the plaintiff explained that he was going to seek new counsel, the court suspended the action until March 21, 1988. Dr. John's discrimination claims thereafter went to trial. The sanction issue proceeded before the magistrate. On December 31, Lopez filed a motion requesting that the court specifically identify his conduct that was alleged to be sanctionable and seeking an opportunity to respond and present evidence on the sanctions issue. This motion was referred to a magistrate. In February 1988, the defendants filed their formal motion for sanction, under Rule 16(f) of the Federal Rules of Civil Procedure, request-

ing $13,743.90 for attorney's fees and expenses incurred as a "direct result of the negligence of David Lopez." [1] Specifically, defendants sought their costs of preparation for and attendance at the December 1986 hearing that was to be the start of trial, the December 1987 status conference, and the preparation of the sanction motion itself.

In March 1988 the magistrate set a hearing for April 11, 1988. Both sides were permitted to offer evidence and make arguments. He determined that no further evidence was required from the defendants concerning the plaintiff's sanctionable conduct. The magistrate concluded that the appellate court had determined that sanctions against the plaintiff himself were inappropriate for the events prior to the 1987 remand, but liability for sanctions arising from the December 1987 status conference, at which the plaintiff had announced his intention to obtain new counsel, might extend to the plaintiff. On March 25, 1988, Lopez filed his response to the sanction motion and a cross motion, requesting sanctions against the defendants under Rule 11 of the Federal Rules of Civil Procedure, alleging that their own sanctions motion was excessive. Lopez also requested a ninety day continuance to depose various witnesses. This continuance was denied.

On April 11, 1988, the magistrate held a hearing in which he took testimony from Lopez and Lopez' former co-counsel, Edward Lavardain. Lavardain testified that the requirement of converting witness lists from "may call" to "will call" was illogical. Nonetheless, he could not deny that it was clearly the local rule. Lavardain also testified that requiring submission of proposed conclusions of law and findings of fact prior to trial also made little sense and was often strategically undesirable. He admitted, however, that it was the rule of the

---

1. Rule 16(f) provides:

   **(f) Sanctions.** If a party or party's attorney fails to obey a scheduling or pretrial order, ... the Judge, upon motion or the Judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D). In lieu of or in addition to any other sanction, the judge shall require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust.

particular judge who had heard Lopez' case. Next, Lopez testified to his extensive trial experience in employment litigation. The gist of his testimony was that he did not violate any orders of the court or, if he did, the violations were de minimis, and that the orders were inconsistent with local rules. Finally, he asserted that none of the alleged violations had resulted in prejudice to the defendants and that his illness, lack of support staff, and busy practice made sanctions unfair under the circumstances of the case. He testified that he did not understand that there was an obligation to convert "may call" witnesses to "will call" witnesses, despite a statement to that effect in the court's November 1986 minute entry. With respect to the filing of proposed findings of fact and conclusions of law, he stated that the minute entry at issue had no due date for proposed findings. The judge's standing pretrial instructions also had no due date for the filing of proposed findings, and the local rules referred to proposed findings being filed after trial and pronouncement of the ruling on the case.

The magistrate rejected Lopez' arguments and concluded that the converted witness list and conclusions of law and findings of facts had been due prior to trial and that Lopez' failure to meet this deadline was not excusable. He found that while the minute entry included no due date for proposed findings, "a fair reading of the minute entry makes it obvious that the findings were to be filed before trial." The entry specified extensive supplementation of the pretrial order, and required that this be set out in proposed findings. He noted that defendants had interpreted the minute order and standing pretrial instructions to require filing of the proposed findings prior to trial, and that Lopez had never previously expressed any doubt as to when the findings were required.

The magistrate also found that the judge's standing pretrial instructions actually did stipulate when the proposed findings were to be filed. Lopez' copy of the standing instructions was missing the page that stipulated pretrial filing of the proposed findings. The magistrate concluded

that Lopez' copy plainly skipped several numbered paragraphs, and that had he read the instructions carefully enough to notice the omission, he would have quickly learned when the findings were required. Finally, the magistrate determined that the local rules of the court were entirely consistent with the standing pretrial instructions. Local Rule 27(b) provided:

> Within ten days after the announcement of the decision of the court awarding judgment in any action tried upon the facts without a jury, the prevailing party shall, *unless the court otherwise orders*, prepare a draft of findings of fact and conclusions of law and serve a copy thereof upon each party who has appeared in the action and mail or deliver a copy to the clerk....

(emphasis supplied). The magistrate concluded that the court here had ordered otherwise in its standing pretrial order instructions.

Lopez also submitted documents proving that he had been treated by a doctor for the flu in mid-December 1986. The documents recounted treatment by a physician in Monroe, Louisiana, on December 15, 1986, after his case had been dismissed. Lopez stated that he had previously consulted a physician to obtain medication, but that he had also worked intermittently during this period. Additionally, the magistrate noted that on December 15 Lopez had announced he was ready for trial, until the court itself had raised the issue of his lack of compliance with the rules. He concluded that the medical issues were thus not relevant to excusing Lopez' violations of the rules.

The magistrate recommended sanctions of $11,337.90, based on the expenses and fees of the defendants' attorneys, discounted by the continuing value the defendants would derive from these services in the ultimate trial of Dr. John's case. The district court adopted the recommendations of the magistrate and entered judgment. Lopez filed a timely notice of appeal.

## II

Lopez raises five issues on appeal. First, he contends that the magistrate had

no jurisdiction under the Federal Magistrates Act to hear and determine his case. Second, Lopez argues that he was denied due process because he did not timely receive formal notice from the court setting forth his alleged misconduct. Third, Lopez contends that the finding of noncompliance with the district court's orders was clearly erroneous, and that any noncompliance was at most *de minimis* and not prejudicial to the defendants; consequently it was an abuse of discretion to impose attorneys fees as sanctions. Fourth, Lopez asserts that the magistrate incorrectly considered the entire history of the litigation in evaluating the propriety of sanctions, rather than focusing only on the pretrial events in December 1986. Finally, Lopez claims that the magistrate showed "unmistakable partiality" by refusing to consider his countermotion for sanctions against the defendants. We address each of these arguments below.

### A.

■ Lopez argues that the magistrate was not authorized to submit a recommendation in his case because under the provisions of the Federal Magistrates Act, 28 U.S.C. § 636, the magistrate could only have heard his case if it involved a "pretrial matter." Lopez points out that the magistrate could not have been acting in a pretrial matter because he did not issue his recommendations until after judgment on the merits in the case of *John v. Louisiana* had been entered and affirmed on appeal. *John v. State of Louisiana*, 881 F.2d 1073 (5th Cir.1989). It seems plain to us that when the district court stayed proceedings on the merits while simultaneously referring the sanctions question to a magistrate, the issue of sanctions became a separate "matter" from the underlying discrimination claim. Even if it were no longer a "pre-trial matter," the statute clearly authorized the magistrate to hear and determine the matter. Moreover, the magistrate in this case issued only a recommendation in Lopez' case; the judgment itself was entered by the district judge after he independently reviewed the magistrate's report, making any jurisdictional defect on the part of the magistrate harmless.

As Lopez notes, the magistrate stated that he was acting under the provisions of 28 U.S.C. § 636(b). This subsection authorizes magistrates to hear and determine any pretrial matter except certain specified matters not here at issue. It does not expressly preclude a magistrate from making a final recommendation concerning an ancillary issue, such as sanctions, after the merits of the case have been decided. We have held, for example, that a magistrate could conduct a hearing concerning the award of expenses including attorney's fees under Fed.R.Civ.P. 37(a)(4) after the underlying suit at issue had been dismissed. *Merritt v. International Bro. Boilermakers*, 649 F.2d 1013 (5th Cir.1981). "The fact that the hearing pursuant to Rule 37(a)(4) was not conducted until after the suit was dismissed does not affect the validity of the magistrate's [earlier] ruling." *Id.* at 1017. The sanctions provisions of Rule 37(b)(2), which address failure to comply with discovery orders, are explicitly referenced as permissible sanctions under Rule 16(f).[2]

Moreover, as noted in *Merritt*, "even if the determination of discovery expenses lost its status as a pretrial matter due to the entry of final judgment, it was still proper for the magistrate to determine the discovery expenses in accordance with 28 U.S.C. § 636(b)(3), which states that 'a magistrate may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States.'" *Id.* at 1018. The same reasoning would apply here to authorize the magistrate's actions under 28 U.S.C. § 636(b)(3). Finally, as explained above, lack of jurisdiction by the magistrate was cured by the district court's independently reviewing the magistrate's recommendation and entering judgment.

### B.

■ Mr. Lopez contends that throughout the sanctions proceeding he never received

**2.** See note 1.

specific notice from the court concerning what conduct of his was alleged to be sanctionable. He argues that the court's failure to provide him with formal notice when it referred the matter to a magistrate denied him due process. It is certainly correct that at least the sanction of dismissal under Fed.R.Civ.P. 37(b)(2)(C) requires that certain due process procedures be followed. *Societe Internationale Pour Participations Industrielles v. Rogers,* 357 U.S. 197, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958). In the earlier proceedings of this case, however, the statements by the district court when it dismissed John's case as a sanction, and by this court when it remanded this case for further proceedings, clearly provided Lopez sufficient notice that enabled him to defend himself.

In *John v. State of Louisiana,* 828 F.2d 1129 (5th Cir.1987) this court stated, after reviewing Lopez' failure to timely convert his witness list and submit proposed findings of fact and conclusions of law, that "whatever costs and attorney's fees accumulated *because of Lopez' negligence* may be assessed against him, if the district court considers it appropriate to do so." *Id.* at 1133 (emphasis added). The basis for sanctions was detailed by this court in *John v. State of Louisiana. Id.* The fact that the sanctions were initially sought on the court's own motion, rather than that of the defendants, is irrelevant. Federal Rule of Civil Procedure 16(f) provides for sanctions on the court's own motion. Finally, two months after the matter was referred to a magistrate, the defendants presented a formal motion requesting sanctions. Lopez had sufficient notice of the allegedly sanctionable conduct to file several responsive pleadings and adequately defend himself.

## C.

■ Lopez argues that he complied with the minute entry of November 18, 1986, that any noncompliance was at most minimal, and that such noncompliance was both excusable and not prejudicial to the defendants. The magistrate found that Lopez failed to comply with the minute entry by not converting his witness list and not sub-

mitting proposed findings of fact and conclusions of law in a timely fashion. We may not reverse this finding unless we conclude that the magistrate was clearly erroneous. The district court concluded that these actions were sanctionable and that an appropriate sanction was the awarding of attorney's fees. We review an award of sanctions only for abuse of discretion. *Thomas v. Capital Security Services, Inc.,* 836 F.2d 866 (5th Cir.1988) (en banc).

1.

Lopez contends that his failure to convert the witness list from "may call" to "will call" was not a violation of either the November 18 minute entry or the district court's standing orders because neither unequivocally required conversion to "may call" witnesses by a specified date. Lopez asserts that the standing orders of the court imposed an obligation on a party who denoted a witness as "will call" to actually compel the witness's appearance, and because he could not compel the appearance of any witnesses, he could not list any witnesses as "will call." The minute entry at issue, however, states very clearly that the conversion of "may call" witnesses to "will call" witnesses shall be filed no later than December 8. Lopez could have requested clarification of what this meant. He later stated that he had the flu during this period but admitted that he had been "in and out of" his office, and had not contacted the court for an extension. In sum, he offered no satisfactory explanation for his failure to convert the witness list in a timely fashion.

The most significant breach of the court's pretrial instructions was Lopez' failure to file proposed findings of facts and conclusions of law. Lopez contends that there was also never a defined date for the submission of proposed findings of fact, and that he assumed that these were quite reasonably due only after the trial. He points out that the minute entry provided no due date for the proposed findings and the local rules provided that findings and conclusions were generally to be prepared after the court's decision was announced.

Local Rule 27(b) provides "within ten days after the announcement of the decision of the court awarding judgment in any action tried upon the facts without a jury, the prevailing party shall, *unless the court otherwise orders,* prepare a draft of findings of fact and conclusions of law ..." (emphasis supplied). The judge in this case had provided otherwise in his standing instructions, which required filing of proposed findings prior to trial. The magistrate concluded that "it is obvious that the copy [of the court's standing pretrial instructions] introduced by Lopez is missing a page." The missing page contains paragraph V(a) which states, "in nonjury trials, the party shall deliver to the judge's office proposed findings of fact and conclusions of law no later than one calendar week before trial." Although this requirement was a departure from the Local Rules, it was nevertheless permissible under the exception of Local Rule 27(b). The magistrate's conclusion that Lopez' failure to comply with these rules was intentional and not excusable is not an abuse of discretion.

### 2.

Lopez next argues that any noncompliance with the rules was *de minimis.* He argues that because it did not prejudice the defendants, such noncompliance did not warrant the imposition of sanctions. Rule 16(f), however, does not require a showing of prejudice in order to justify sanctions. Although it is true that "most of the cases affirming dismissals with prejudice have involved the presence of one or more of three 'aggravating factors': (1) delay attributable directly to the plaintiff, rather than his attorney; (2) actual prejudice to the defendant; and (3) delay caused by intentional conduct," *Callip v. Harris County Child Welfare Dept.,* 757 F.2d 1513, 1519 (5th Cir.1985), the sanction at issue here is not dismissal with prejudice, but the less severe sanction of an award of attorney's fees. Moreover, we have affirmed sanctions of dismissal with prejudice where a plaintiff's attorney engaged in intentional misconduct that neither was attributable to the plaintiff nor prejudiced the defendant. *Price v. McGlathery,* 792

F.2d 472, 475 (5th Cir.1986). Since the purpose of rule 16(f) is to "encourage forceful judicial management" of litigation, as well as to improve the quality of the trial through more thorough preparation, prejudice resulting from a party's noncompliance with the rules need not be shown. Advisory Committee on Rules, Notes to 1983 Amendment; Rules 16(a)(2) and 16(a)(4). Even so, however, in this case it is clear that the defendants were prejudiced by Lopez' noncompliance. They did not have the week before trial to prepare cross examination of witnesses who were listed only as "may call." More significantly, they did not know, even on the very day of trial, the specific factual contentions Lopez planned to prove. Thus, in short, we do not agree that the failure to timely file these documents was only minimal noncompliance, and consequently we reject Lopez' argument to the contrary.

### 3.

Finally, Lopez contends that the imposition of fees as a sanction, rather than simply a fine or some lesser sanction, was an abuse of discretion. We do not agree. Rule 16(f) gives the trial court wide authority to impose effective sanctions, including attorneys fees. Once it determined that sanctions were appropriate, the court in this case had very little choice but to impose monetary sanctions because the underlying cause of action had already been divorced from the sanctions proceeding and procedural sanctions were no longer available given the posture of the case. Although it may have been within the discretion of the district court to impose a lesser monetary sanction, given the circumstances in this case, we cannot say that the district court abused its discretion by its award of fees.

### D.

■ Lopez argues that the district court also abused its discretion by considering the entire course of the litigation in assessing sanctions, thus awarding an " 'accumulation of all perceived misconduct from filing through trial,' resulting in a 'single post-judgment retribution in the form of a massive sanctions award.' " *Thomas v.*

*Capital Security Services, Inc.,* 836 F.2d 866, 881 (5th Cir.1988) (en banc), quoting *In re Yagman,* 796 F.2d 1165, 1183 (9th Cir. 1986). It is true that the magistrate reviewed the long procedural history of this case, but this review was necessary simply to understand why the court was hearing a sanctions motion against an attorney who no longer represented his original client and whose case had twice been appealed. None of this history, however, affected the fee award that was granted in this case. The fees were specifically the result of the events in November and December 1986, relating to sanctions awardable under Fed. R.Civ.P. 16(f). As such, their imposition was not an abuse of discretion.

### E.

Finally, Lopez contends that the district court abused its discretion by summarily denying his own cross motion for sanctions against the defendants. Lopez sought sanctions under Rule 11 for the defendants' motion for sanctions, which he alleged were clearly excessive. The mere fact that a motion for sanctions resulted in an award of sanctions that was smaller than those requested does not mean that the motion sought excessive sanctions. Here, defendants were awarded sanctions amounting to 82% of their original request. Where the defendants extensively detailed their fees and expenses, and the magistrate himself acknowledged that "[d]etermining the appropriate amount of the sanction in this matter is complicated by the fact that certain of the fees incurred as a result of the violation were for services that would be of continuing benefit to the defendants," we certainly cannot say that there was an abuse of discretion in the denial of Lopez' cross motion.

### III

For the foregoing reasons, the judgment of the district court against David T. Lopez is

AFFIRMED.