■ In the Matter of MURIEL LUTWIN, Appellant-Respondent, v SARAH AL-LEYNE et al., Respondents-Appellants. — In a proceeding pursuant to CPLR article 78, *inter alia*, to compel petitioner's reinstatement to her position as District Manager of Community Board No. 9, the parties cross-appeal from a judgment of the Supreme Court, Bronx County (Di Fede, J.), entered January 30, 1981, which, *inter alia*, determined (1) that "petitioner was not stigmatized by respondents in the course of the termination of her employment", and (2) that petitioner was entitled to a lump-sum monetary payment in lieu of accumulated annual leave. (The appeal and cross appeal were transferred to this court by order of the Appellate Division, First Department, dated Oct. 1, 1981.) Judgment modified, on the law, by deleting the third, sixth and seventh decretal paragraphs. As so modified, judgment affirmed, without costs or disbursements, and matter remitted to Special Term for further proceedings in accordance herewith. Petitioner, who was terminated on May 23, 1980 from her position as District Manager of Community Board No. 9 in Bronx County, commenced this proceeding, *inter alia*, seeking her reinstatement on several grounds, including claims that her discharge was politically motivated and that her good name and reputation were stigmatized in the course of her termination. As to petitioner's claim that she was discharged solely for political reasons in violation of the First and Fourteenth Amendments to the United States Constitution, we agree with Special Term that the vague reference to an unfavorable conversation she had with a New York State Assemblyman, and the unsupported allegations that political changes in the membership of the community board caused her discharge, failed to state a cause of action for a politically motivated discharge (cf. *Branti v Finkel*, 445 US

507; *Elrod v Burns,* 427 US 347). However it does appear that petitioner states grounds which entitle her to a hearing to clear her good name and reputation. As a district manager, petitioner served "at the pleasure of the community board" (New York City Charter, § 2800, subd f). Accordingly, she was not entitled to full procedural due process and could be terminated from her position without cause, notice, charges or a hearing (see *Matter of Ocean-Hill Brownsville Governing Bd. v Board of Educ.,* 23 NY2d 483). However, nontenured public employees, such as petitioner, are entitled to a hearing if, in connection with the termination of their employment, they are accused of conduct which injures their good name, reputation, honor and integrity and those charges are publicized (see *Bishop v Wood,* 426 US 341; *Board of Regents v Roth,* 408 US 564; see, also, *Matter of Stanizale v Executive Dept., Off. of Gen. Servs.,* 55 NY2d 735; *Matter of Beneky v Waterfront Comm. of N. Y. Harbor,* 42 NY2d 920). In the instant case, an evaluation committee of the community board presented a report to the entire community board, at its May 8, 1980 meeting. The report, *inter alia,* recommended that petitioner be terminated and cited, as reasons for its recommendation, the following: "A) The inability of the District Manager to acquire supportive staff in a timely and effective manner. B) The administrative and supervisory abilities of the District Manager were judged to be poor. C) The failure of the District Manager to cooperate with the Evaluation Committees requests for a meeting and a service complaint log." Although the report recommending petitioner's termination was itself never formally adopted, the minutes of the May 8, 1980 meeting reflect that the presentation of the report was immediately followed by a motion to terminate petitioner's services. The motion was passed. It is clear that the termination was directly related to the charges contained in the report. While charges which merely relate a dismissal to poor or unsatisfactory job performance do not rise to the level of a deprivation of liberty such that a hearing is required, insubordination is a charge which carries sufficient stigma to rise to such a level (*Matter of Merhige v Copiague School Dist.,* 76 AD2d 926; *Matter of Minor v County of Nassau,*49 AD2d 882; *Matter of Civil Serv. Employees Assn. v Wallach,* 48 AD2d 923; *Matter of Jackson v Wallach,* 48 AD2d 925; cf. *Mazaleski v Treusdell,* 562 F2d 701). The charge that petitioner failed to cooperate with certain requests by the evaluation committee amounts to a charge of insubordination. Thus, while the other reasons stated were sufficient to sustain petitioner's discharge, and indeed, she could have even been discharged for no stated reason (see *Matter of Ocean Hill-Brownsville Governing Bd. v Board of Educ., supra*), she is entitled to a hearing to attempt to remove the stigma of the charge of insubordination (see *Matter of Stanizale v Executive Dept., Off. of Gen. Servs., supra*). Accordingly, the matter is remitted to Special Term for a hearing on the question of whether there was a basis for the charge of insubordination. Finally, we note that on the record before us we are unable to determine the exact number of days of annual leave which had been accumulated by petitioner. Therefore, it is impossible to make a calculation of the amount of the lump-sum payment she should receive in lieu of such accumulated leave. Accordingly, further proceedings are directed on that issue as well. We have considered the other arguments raised by petitioner and find them to be without merit. Cohalan, J. P., O'Connor, Thompson and Bracken, JJ., concur.