OPINION OF THE COURT
Memorandum.
The judgment appealed from and the order of the Appellate Division brought up for review should be modified, with costs to appellants, by deleting the provision which adjudged that there is no basis for the charge that petitioner failed to co-operate with the evaluation committee’s request for a meeting and service complaint log and that the charge of insubordination against the petitioner was unfounded, and, as so modified, affirmed.
Although the subject hearing has been held, and the issue of petitioner’s entitlement to such hearing has therefore become moot, we retain jurisdiction of the appeal because the question is likely to affect a large number of cases on a continuing basis (People v Fuller, 57 NY2d 152, 156, n 2; Matter of Oliver v Posted, 30 NY2d 171, 177-178; cf. Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-718).
On the merits, review of the record establishes that, as a matter of law, the charges disseminated to the public did not in any way implicate petitioner’s good name, reputation, honor or integrity. Therefore, the Appellate Division erred in granting petitioner a name-clearing hearing (Board of Regents v Roth, 408 US 564, 573).
*892 Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Fuchsberg, Meyer and Simons concur.
On review of submissions pursuant to rule 500.2 (b) of the Rules of the Court of Appeals (22 NYCRR 500.2 [g]), judgment appealed from and order of the Appellate Division brought up for review modified, with costs to appellants-respondents, in accordance with the memorandum herein and, as so modified, affirmed.