*945 OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Whether or not there was a valid contract of employment— a question we need not reach — as an unclassified employee petitioner was not in any event entitled to a pretermination hearing under Civil Service Law § 75. As for her constitutional right, "all the process that is due is provided by a pretermination opportunity to respond, coupled with posttermination” review procedures (Cleveland Bd. of Educ. v Loudermill, 470 US —, —, 105 S Ct 1487, 1496). Petitioner does not dispute that she was given the opportunity to respond in a conference with the Supervisor of Transportation on the day of the incident which resulted in her termination and again two days later, that she thereafter failed to attend a third hearing scheduled in response to her appeal of the notice of termination she received, and that she failed to grieve the matter under the collective bargaining agreement governing noninstructional employees.
At most, therefore, petitioner was entitled to article 78 review of the measure of discipline imposed and to sue for breach of contract in terminating her without cause prior to the end of the 1983-1984 school year. But she admitted in the hearing conducted by respondent and does not deny in the papers on this proceeding that she let a four-year-old prekindergarten child off at the child’s home, rather than at the home of the babysitter, some two miles distant, without checking either the route sheet or the tag worn by the child, both of which indicated the place the child was to be let off. Under those circumstances, termination of petitioner’s employment was not "so disproportionate to the offense as to be shocking to one’s sense of fairness” (Matter of Pell v Board of Educ., 34 NY2d 222, 237). Nor is there reason for us to convert the proceeding pursuant to CPLR 103 to a breach of contract action and remand for trial, for in view of petitioner’s admissions respondent would be entitled to summary judgment in any such action.
Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye, Alexander and Titone concur.
Order affirmed, without costs, in a memorandum.