■ ALBERT GARNER, Appellant, v DAVID GUNN et al., Respondents.—In a proceeding pursuant to CPLR article 78, *inter alia,* to compel the respondent New York City Transit Authority to conduct a hearing pursuant to Civil Service Law § 75, the petitioner appeals (1) from a judgment of the Supreme Court, Kings County (Shaw, J.), dated January 24, 1986, which dismissed the proceeding, and (2) as limited by his brief, from so much of an order of the same court, dated May 14, 1986, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the judgment is dismissed, as it was superseded by the order dated May 14, 1986, made upon reargument; and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the respondents are awarded one bill of costs.

The petitioner, a division engineer, was discharged from his position with the New York City Transit Authority following an informal hearing. The procedure for discharged noncompetitive employees such as the petitioner is set forth in the New

York City Transit Authority's manual entitled Managerial Disciplinary Practice and Procedure, which requires an informal hearing before an employee's discharge, and a postdetermination hearing. If the employee is successful at the postdetermination hearing, he may be reinstated. Although a postdetermination hearing was scheduled for the petitioner, he commenced the instant proceeding before that hearing was held. The petitioner is seeking a hearing pursuant to Civil Service Law § 75, reinstatement, and a name-clearing hearing.

We conclude that the procedure for discharge provided in the Management Disciplinary Practice and Procedure manual does not violate the due process rights of the employees covered thereby (see, Matter of Tyson v Hess, 66 NY2d 943, 946; see also, Cleveland Bd. of Educ. v Loudermill, 470 US 532, 545-546). Because the petitioner has not established that the New York City Transit Authority's action was unconstitutional, and because he has not averred that the action was beyond the agency's grant of power or that resort to an administrative remedy would be futile or its pursuit would cause irreparable injury, we conclude that the petitioner must exhaust his available administrative remedies before litigating the issue of his right to reinstatement in a court of law (see, Watergate II Apts. v Buffalo Sewer Auth., 46 NY2d 52, 57). Thus, the petitioner must contest his discharge at the postdetermination hearing as provided in the Managerial Disciplinary Practice and Procedure manual and be denied reinstatement before he can challenge his discharge in the courts. Accordingly, the petitioner's claim for reinstatement is not ripe for judicial review.

Furthermore, we reject the petitioner's contention that he is entitled to a hearing pursuant to Civil Service Law § 75. As a noncompetitive employee, he is not entitled to the protections of that statute (see, Matter of Tyson v Hess, 109 AD2d 1068, 1069, affd 66 NY2d 943). Moreover, the petitioner's claim to the right to such a hearing based on a representation allegedly made to him at the time of his appointment is unavailing as an estoppel may not be asserted against a governmental agency in the exercise of its governmental functions (see, Matter of Daleview Nursing Home v Axelrod, 62 NY2d 30, 33; Matter of McLaughlin v Berle, 71 AD2d 707, 708, affd 51 NY2d 917). Finally, the petitioner's assertion that he was discharged because he was a so-called whistle-blower does not entitle him to a hearing under Civil Service Law § 75 where he otherwise does not have the right (see, Civil Service Law § 75-b [3] [c]).

We also conclude that the petitioner has not demonstrated that he is entitled to a name-clearing hearing since he has not established that his employer has disseminated a false and defamatory impression about him (see, Matter of Lentlie v Egan, 61 NY2d 874).

We have examined the petitioner's remaining contentions and have found them to be without merit. Weinstein, J. P., Rubin, Kooper and Sullivan, JJ., concur.