■ MICHELLE ADZICK, Respondent, v AGS COMPUTERS, INC., et al., Appellants.—Order, Supreme Court, New York County (David Edwards, Jr., J.), entered on June 16, 1989, which, *inter alia,* denied defendants' motion for a more definite statement as to the first and second causes of action and further denied defendants' motion seeking to dismiss the third and fourth causes of action of the amended complaint unanimously modified on the law, to the extent of dismissing the third and fourth causes of action and, as modified, otherwise affirmed, without costs.

Plaintiff cannot dispute the at-will nature of her former employment with corporate defendants AGS Computers, Inc. and AGS Information Services, Inc., permitting termination by either party at any time for any or no reason, by asserting speculative causes of action against both the corporate and individual defendants for tortious interference with plaintiff's employment and for misrepresentation.

Specifically, the amended complaint failed to allege that any condition existed which abrogated the parties' respective rights to terminate plaintiff's employment, failed to allege that the individual defendants had committed any independent tortious acts which were outside the scope of their corporate employment, and premised the misrepresentation and fraud claims upon speculative promises of entitlement to future earnings and employment. *(Ingle v Glamore Motor Sales,* 73 NY2d 183; *Murphy v American Home Prods. Corp.,* 58 NY2d 293; *Murtha v Yonkers Child Care Assn.,* 45 NY2d 913; *Tesoro Petroleum Corp. v Holborn Oil Co.,* 108 AD2d 607.)

Thus, any claim that plaintiff may have that she did not receive the compensation to which she was entitled as an employee of the corporate defendant is encompassed in the first and second causes of action of the amended complaint for breach of contract. *(Sabetay v Sterling Drug,* 69 NY2d 329; *Comtomark, Inc. v Satellite Communications Network,* 116 AD2d 499.) Concur—Carro, J. P., Milonas, Asch, Ellerin and Rubin, JJ.