Gregory **HEINRICHS,**
Plaintiff–Appellant,

v.

**MARSHALL AND STEVENS INCORPORATED, Defendant–Appellee.**

**Nos. 348, 349, Dockets 89–7339, 90–7427.**

United States Court of Appeals,
Second Circuit.

Argued Nov. 5, 1990.

Decided Dec. 7, 1990.

John Walshe, New York City, for plaintiff-appellant.

Michael E. Schoeman, New York City (Meryl S. Justin, Schoeman, Marsh & Updike, New York City, of counsel), for defendant-appellee.

Before MAHONEY and WALKER, Circuit Judges, and LEVAL, District Judge.*

PER CURIAM:

Plaintiff Gregory Heinrichs appeals from two judgments of the United States District Court for the Southern District of New York (Miriam Goldman Cedarbaum, *Judge*) granting summary judgment on the merits in favor of defendant Marshall and Stevens Incorporated and awarding defendant $4,048.38 in discovery sanctions. We affirm both judgments.

■ The complaint alleged that defendant had breached plaintiff's five-year contract of employment as a valuation consultant and had wrongfully discharged him. Defendant moved for summary judgment on the grounds that the alleged contract was oral and not to be performed within one year, thus void under the New York Statute of Frauds, N.Y.Gen.Oblig.L. § 5–701(a). The district court granted de-

* The Hon. Pierre N. Leval, United States District Judge, Southern District of New York, sitting by designation.

fendant's motion on January 18, 1989 and entered judgment on February 10, 1989 dismissing the complaint. Plaintiff claimed that the statute of frauds was satisfied by two provisions in the defendant's manual for employees. We agree with the district court that these provisions are wholly insufficient to fulfill the statute's requirement of a writing. They merely set forth that a valuation consultant may qualify for a certain level of compensation and for a promotion if certain criteria are met if and after he remains employed for a five-year period; they do not contain any promise or undertaking that the employment is for five years, or for any definite term. Measuring compensation by a specific period does not in New York render the employment a hiring for a specific term. *Watson v. Gugino*, 204 N.Y. 535, 541, 98 N.E. 18, 20 (1912); *Tyson v. Hess*, 109 A.D.2d 1068, 1069, 487 N.Y.S.2d 206, 208 (4th Dep't), *aff'd on other grounds*, 66 N.Y.2d 943, 498 N.Y.S.2d 778, 489 N.E.2d 747 (1985); *Dalton v. Union Bank of Switzerland*, 134 A.D.2d 174, 175–76, 520 N.Y.S.2d 764, 765 (1st Dep't 1987). Similarly, measuring partial eligibility for compensation and promotion by a specific period of service does not render the employment a hiring for a specific term.

■ Plaintiff's assertion that the district court erroneously granted summary judgment upon a finding that there was no intent to enter into a five-year contract, and that the intent issue should have gone to the jury, is frivolous. This argument is based upon an alleged statement by the district court, never transcribed, to the effect that no five-year contract was intended. Even if such a statement was made by the court, plaintiff has made no showing that it was the basis for the grant of summary judgment. In any event, the issue of the parties' intent could only become relevant upon a prior determination that the contract was not void under the statute of frauds. As the district court reached the opposite conclusion, and we agree with that conclusion, the point evaporates.

■ We also find no fault with the district court's award of sanctions to the defendant under Fed.R.Civ.P. 37(a)(4) and 26(c), the judgment for which was entered on April 5, 1990. The magistrate's January 20, 1989 memorandum opinion and March 23, 1989 order, which were "adopt[ed] in whole" by the district court on February 28, 1990, set forth in great detail the improper conduct in depositions of plaintiff's counsel, who did not argue this appeal. From our review of the record, we agree that the magistrate correctly concluded that the attorney's behavior toward opposing counsel "has been not merely discourteous, offensive and unprofessional, but in some instances, incomprehensibly vicious," and that his questioning of witnesses "was often improperly argumentative and confrontational." The magistrate awarded the defendant its reasonable attorney's fees and expenses in connection with its seeking a protective order regarding the conduct of plaintiff's counsel during depositions, as well as the additional expense in defending the particular depositions "defendant was required to incur because [plaintiff's counsel's] improper conduct unnecessarily prolonged the depositions." [1] We see no basis for disturbing the magistrate's award of sanctions, including her determination of the appropriate amount of those sanctions, adopted by the district court.

■ Moreover, as the district court conducted a *de novo* review of the magistrate's proposed sanctions decision after considering objections thereto by both sides, consistent with 28 U.S.C. § 636(b)(1) (1988), plaintiff's argument that the magistrate improperly exercised authority reserved to the district court must fail.

■ The only argument of plaintiff that requires more complete explication is that the district court was without power to award discovery sanctions pursuant to Rule 37(a)(4) after it had granted summary judgment dismissing the merits of plaintiff's action. We believe that this argument, supported by our decision in *Johnson*

---

**1.** The magistrate also awarded the defendant reasonable fees and expenses incurred in con-nection with its motion for a protective order regarding plaintiff's second document request.

*Chemical Co. v. Home Care Products, Inc.*, 823 F.2d 28, 31 (2d Cir.1987), is now foreclosed by the decision of the Supreme Court in *Cooter & Gell v. Hartmarx Corp.*, ─ U.S. ─, 110 S.Ct. 2447, 2454–57, 110 L.Ed.2d 359 (1990). *Cooter & Gell* upheld sanctions under Rule 11 which were imposed after a voluntary dismissal pursuant to Rule 41(a)(1)(i). After noting that "[i]t is well established" that a federal court may consider independent, collateral issues—such as costs, attorney's fees, and contempt sanctions—after an action is no longer pending, 110 S.Ct. at 2455–56, the Court concluded:

> Like the imposition of costs, attorney's fees, and contempt sanctions, the imposition of a Rule 11 sanction is not a judgment on the merits of an action. Rather it requires the determination of a collateral issue: whether the attorney has abused the judicial process, and, if so, what sanction would be appropriate. Such a determination may be made after the principal suit has been terminated.

*Id.* at 2456. The Court's reasoning that the determination of Rule 11 sanctions is a collateral issue that can be considered after an action is voluntarily dismissed under Rule 41(a)(1)(i) applies with no less force to discovery sanctions imposed under Rule 37 following a dismissal upon a grant of summary judgment under Rule 56.

We hold therefore that the district court's award of Rule 37 sanctions entered on April 5, 1990, was not precluded by its earlier dismissal of the case on the merits on February 10, 1989. This holding is consistent with our decision in *Penthouse Int'l, Ltd. v. Playboy Enterprises, Inc.*, 663 F.2d 371, 392 (2d Cir.1981), where we remanded to the district court for a determination whether to impose Rule 37 sanctions while simultaneously affirming the dismissal of the complaint. *See also John v. Louisiana*, 899 F.2d 1441, 1446 (5th Cir. 1990); *Merritt v. Int'l Brotherhood of Boilermakers*, 649 F.2d 1013, 1016–18 (5th Cir.1981). In *Merritt*, the Fifth Circuit stated that in *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 763–64, 100 S.Ct. 2455, 2462–63, 65 L.Ed.2d 488 (1980), the Supreme Court "implicitly recognized the au-

thority of the district courts to make post-judgment assessments of discovery expenses, and attorney's fees under Rule 37." 649 F.2d at 1018. What the Fifth Circuit termed implicit in *Roadway Express* we believe the Supreme Court has made explicit in *Cooter & Gell*.

The judgments of the district court are affirmed.