■ PATRICIA FEENEY, Respondent-Appellant, v MARINE MIDLAND BANKS, INC., et al., Appellants-Respondents.—Order, Supreme Court, New York County (Irma Vidal Santaella, J.), entered March 11, 1991, which denied defendants' motion and plaintiff's cross-motion for summary judgment, unanimously modified, on the law, to grant defendants' motion for summary judgment dismissing the complaint, and otherwise affirmed, without costs. The clerk is directed to enter judgment in favor of defendants dismissing plaintiff's complaint.

Plaintiff, a security analyst for 13 years with Irving Trust Company, began working for defendant Marine Midland Bank, N.A. ("Marine") after being recruited in 1983 by two Senior Vice Presidents, who offered her a position as a Vice President in their Resources Management Sector. She commenced this action on or about March 11, 1988 to recover damages for alleged wrongful termination, breach of contract, tortious interference with contract, and defamation.

During her employment, plaintiff had been provided with

two employee handbooks issued by defendant parent company, Marine Midland Banks, Inc. ("MMBI"). The first, effective January 1984 stated, in pertinent part, as follows: "Since there is no contractual arrangement between the Bank and its employees, an employee may resign his/her employment at any time, for any reason. Likewise, an employee may be terminated at any time for reasons determined solely by Marine's management."

Similar language was contained in the second employee handbook, effective July 1, 1986, which, as relevant to this appeal, contained the following provision: "Since there is no contractual arrangement between the Bank and its employees, an employee is employed at will and may resign his/her employment at any time * * * [B]ecause every employee has been employed as an employee at will an employee may be terminated at any time for reasons determined solely by Marine's management."

In 1986, Marine underwent restructuring, and defendant Marinvest, Inc. ("Marinvest"), was formed to manage securities portfolios for institutional clients. Plaintiff left to join Marinvest, as did most of Marine's other securities personnel, and began working there in January 1986. On January 12, 1987, she was terminated for reasons stated in an internal memorandum from defendant Donald Gilbert, the Director of Research, including antagonistic attitude, substandard research, and lack of contribution.

Seeking damages in the amount of $3.5 million for each cause of action plus $5 million in punitive damages, plaintiff argued that a contract of employment had been established through oral promises and a letter, dated February 14, 1983, which confirmed the original offer of employment by Marine. Plaintiff further argued that her discharge was in violation of the National Bank Act. We disagree.

It is well settled that "absent an agreement establishing a fixed duration, an employment relationship is presumed to be a hiring at will, terminable at any time by either party" *(Sabetay v Sterling Drug,* 69 NY2d 329, 333; *Murphy v American Home Prods. Corp.,* 58 NY2d 293, 300). It is only where a plaintiff can establish the existence of an express written agreement limiting the employer's right of termination, that the principles governing employment at will are inapplicable. *(See, Weiner v McGraw-Hill, Inc.,* 57 NY2d 458, 461; *Weintraub v Phillips, Nizer, Benjamin, Krim, & Ballon,* 172 AD2d 254.) The record before us supports no such exception.

The letter of February 14, 1983 does not provide a guaranteed term or limitations on the right to discharge, and its reference to a bonus payable in January 1984 is not a guarantee of employment for a minimum duration. *(See, Dalton v Union Bank,* 134 AD2d 174, 176.)

We further reject plaintiff's claims under the National Bank Act, since, at the time of her dismissal, plaintiff was not employed by Marine, but by Marinvest, which is not a bank. Assuming, *arguendo,* that plaintiff retained her status as an officer of Marine during her employment by Marinvest, the fact that the Board of Directors did not dismiss her does not constitute a violation of the National Bank Act, which permits termination by a designee, if effected in accordance with the bank's by-laws. *(See, Mahoney v Crocker Natl. Bank,* 571 F Supp 287, 290-291.) Marine's by-laws provide that the designee of the Chief Executive Officer may remove other officers or employees, and plaintiff was terminated by Marinvest's Director of Research with the approval of its President and Managing Director.

Our examination of the record leads us to further conclude that the balance of plaintiff's claims, including that of tortious interference with employment and defamation, present no *bona fide* issues of fact requiring trial, and that defendants' motion for summary judgment should, accordingly, have been granted. *(See, Alvord & Swift v Muller Constr. Co.,* 46 NY2d 276.)* Concur—Sullivan, J. P., Carro, Kassal and Smith, JJ.