■ VINCENT C. HAYDEN et al., Respondents, v 1613 ASSOCIATES LIMITED PARTNERSHIP et al., Appellants, et al., Defendants. [598 NYS2d 5] —In an action to recover damages, *inter alia,* for breach of contract and fraud, the defendants 1613 Associates Limited Partnership, 1613 Associates Inc., Mast Construction Corp., KMG Development Inc., Perry Finkleman and Shelby Goldgrab, appeal from so much of an order of the Supreme Court, Kings County (Hutcherson, J.), dated December 19, 1990, as denied their motion for summary judgment dismissing the complaint insofar as it is asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the complaint is dismissed insofar as it is asserted against the defendants 1613 Associates Limited Partnership, 1613 Associates Inc., Mast Construction Corp., KMG Development Inc., Perry Finkleman and Shelby Goldgrab.

We agree with the appellants' contention that the Supreme Court erred in denying their motion for summary judgment dismissing the complaint insofar as it is asserted against them. The record reveals that in support of their motion the appellants tendered evidentiary materials sufficient to establish their prima facie entitlement to judgment as a matter of law (see, *Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 852). Specifically, the appellants submitted proof in admissible form that they had never entered into a contract with the plaintiffs, did not in any sense interfere with the plaintiffs' performance of their subcontract, and neither defamatorily dismissed the plaintiffs from the job nor perpetrated any fraud

in connection with construction work performed by the plaintiffs.

In response, the plaintiffs either failed to specifically address the appellants' contentions, or in opposing them, submitted nothing more than conclusory, unsubstantiated allegations, which are insufficient to raise triable issues of fact *(see, Alvord & Swift v Muller Constr. Co.,* 46 NY2d 276, 281-282; *Kazakias v Bistricer,* 180 AD2d 666; *Pizzi v Bradlee's Div.,* 172 AD2d 504; *see also, Columbus Trust Co. v Campolo,* 110 AD2d 616, *affd* 66 NY2d 701; *cf., Feeney v Marine Midland Banks,* 180 AD2d 477, 479).* Under the circumstances, the appellants' motion for summary judgment should have been granted *(see, Quail Ridge Assocs. v Chemical Bank,* 162 AD2d 917, 920; *Mastropieri v Solmar Constr. Co.,* 159 AD2d 698, 699; *Dember Constr. Corp. v Staten Is. Mall,* 56 AD2d 768; *Walters v Pennon Assocs.,* 188 AD2d 596; *Brown v Lockwood,* 76 AD2d 721, 731-732).* Thompson, J. P., Eiber, Ritter and Joy, JJ., concur.