■ In the Matter of HATTIE RAGONE, Appellant, v BOARD OF EDUCATION OF THE CITY OF NEW YORK, Respondent. [600 NYS2d 89] —In a proceeding pursuant to CPLR article 78 to review a determination by the respondent Board of Education of the City of New York, which removed the petitioner from her position as Chairperson of the Subcommittee on Special Education of Community School District 21, the petitioner appeals from a judgment of the Supreme Court, Kings County (Shaw, J.), dated April 5, 1991, which dismissed the petition.

Ordered that the judgment is affirmed, with costs.

In 1982, the petitioner was appointed Chairperson of Subcommittee on Special Education of Community School District 21 pursuant to a resolution by the Board of Education of the City of New York. In 1990, however, after numerous complaints had been made about the petitioner's work performance, the petitioner was dismissed as Chairperson and was reassigned to the position of "educational evaluator". Thereafter, the petitioner commenced this proceeding, claiming that she was entitled to a pretermination hearing.

The petitioner was not entitled to a pretermination hearing pursuant to Civil Service Law § 75 since she held an unclassified and at-will position *(see, Matter of Tyson v Hess,* 66 NY2d 943; *Matter of Ause v Regan,* 59 AD2d 317; Civil Service Law § 35 [g]). Moreover, the petitioner did not have a constitution-

ally protected property interest entitling her to such a hearing *(see, Board of Regents v Roth,* 408 US 564; *Bykofsky v Hess,* 107 AD2d 779, *affd* 65 NY2d 730, *cert denied* 474 US 995; *Matter of Lutwin v Alleyne,* 86 AD2d 670, *mod on other grounds,* 58 NY2d 889).

The petitioner's claim that she was entitled to a name-clearing hearing due to the alleged stigmatizing nature of the charges against her is raised for the first time on appeal and, therefore, is unpreserved for appellate review *(see, Matter of Miller v Loewenberg,* 75 AD2d 620).

We find no merit to the petitioner's remaining contentions. Rosenblatt, J. P., Copertino, Santucci and Joy, JJ., concur.