■ In the Matter of RAYMOND JUAN, Appellant, v COUNTY OF SUFFOLK et al., Respondents. [618 NYS2d 833] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Suffolk County Police Department dated January 18, 1989, which terminated the petitioner's employment as a police officer effective January 24, 1989, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Mullen, J.), dated January 20, 1993, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

In 1984, the respondent Suffolk County Police Department (hereinafter SCPD) hired the petitioner for the noncompetitive position of Community Service Aide. In 1987, pursuant to an affirmative action program under the exclusive authority of Civil Service Law § 52 (12), the petitioner took and passed a competitive examination to become a police officer for the SCPD, and his name was placed on a special promotional list of eligible candidates for the purpose of appointment only. On January 25, 1988, the petitioner was duly appointed to the position of Police Officer for a probationary term of 52 weeks pursuant to Rule XIII (1) (A) (1) of the Suffolk County Civil Service Rules (hereinafter Rule XIII). At that time, the petitioner signed a letter of appointment which specified that his appointment was for a 52-week probationary term as set forth in Rule XIII.

In September 1988, discrepancies were found in the petitioner's attendance record which indicated that he may have been absent without leave for three days in August 1988. An investigation into the matter was conducted. At no time during the investigation did the petitioner explain the discrepancies satisfactorily. In fact, some of his superiors determined that he was less than candid with them about the matter. For his misconduct, the petitioner's superiors recommended that he not be granted permanent status as a police officer. The respondent Suffolk County Police Commissioner then informed the petitioner, by a letter dated January 18, 1989, that his employment as a police officer would be terminated, effective January 24, 1989, due to "unsatisfactory performance during [his] probationary period".

Under these circumstances, there is no merit to the petitioner's contention that he was a permanent employee who was entitled to a pretermination hearing pursuant to Civil Service Law § 75. Moreover, because the record shows that the determination to discharge the petitioner was not arbitrary and capricious, but had a rational basis and was carried out in good faith, the respondents were not obligated to hold a hearing prior to discharging the petitioner or even to state their reasons for doing so (see, e.g., *Matter of York v McGuire*, 63 NY2d 760, 761; *Matter of Talamo v Murphy*, 38 NY2d 637, 639; *Matter of Jessamy v Fernandes*, 145 AD2d 486).

The petitioner's remaining contentions are without merit. Rosenblatt, J. P., Ritter, Copertino and Florio, JJ., concur.