■ CHERYL GABRIEL et al., Appellants, v THERAPISTS UNLIMITED, L. P., Respondent. [631 NYS2d 34] —Judgment, Supreme

Court, New York County (Walter M. Schackman, J.), entered October 14, 1994, which dismissed the complaint for failure to state a cause of action or to particularize the claim of fraud in sufficient detail, reversed and vacated, on the law, and the complaint is reinstated, without costs. Appeal from the order (same court), entered on or about September 23, 1994, which granted the dismissal motion, is dismissed as subsumed in the appeal from the judgment.

The well-known standard which applies in assessing the sufficiency of a complaint was reiterated a year ago by the Court of Appeals in *Leon v Martinez* (84 NY2d 83, 87-88): "On a motion to dismiss pursuant to CPLR 3211, the pleading is to be afforded a liberal construction (*see*, CPLR 3026). We accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory [citations omitted]." Measured by this far from rigorous test, we think both plaintiffs' first cause of action sounding in fraud, and their second cause of action upon a written offer of employment, pass muster, and the IAS Court erred in its dismissal of the complaint.

Plaintiffs allege that in May 1993, each of them was awarded a Master of Arts degree in speech/language pathology by New York University. In order to be licensed by the State, however, plaintiffs were additionally required to complete a clinical fellowship program at an accredited health care facility or school, and receive a certificate of clinical competence. Defendant, a limited partnership operating as a placement service for physical, speech and occupational therapists throughout the country, offered such a nine-month program.

The contractual (second) cause of action rests on a written offer from defendant to each plaintiff, in the form of a memorandum on its business letterhead, which detailed the position, hours, salary and benefits. This "Employment Offer" notably contained not the slightest indication that defendant was acting as an employment agency for a third party. The motion court dismissed this cause of action not on the basis that an employer-employee relationship was not created, but because the offer lacked an adequate provision for any fixed duration of employment (*Feeney v Marine Midland Banks*, 180 AD2d 477, *lv denied* 80 NY2d 753).

We hold, to the contrary, that the reference to a "Clinical Fellowship Year" in the memorandum will permit the introduction of readily available parol evidence to define the program's minimum term at nine months, in satisfaction of the State

licensure requirements. To the extent that a divided ruling of the Fourth Department—that a term of employment " 'for the 1983-84 academic year' " was too vague for enforcement (*Matter of Tyson v Hess*, 109 AD2d 1068, 1069)—is contrary to our decision, we decline to follow it. The precedential value of *Tyson* is considerably diluted by the fact that the Court of Appeals, upon reviewing that matter, expressly affirmed not on the ground that the contract was terminable at will, but rather for the reason that the driver's negligence provided good cause for the discharge (66 NY2d 943).

The first cause of action, based on fraudulent inducement, is also sufficiently pleaded. The false representation alleged to have been made by defendant was that it had *existing* contractual arrangements with health care facilities where plaintiffs could be placed, so as to satisfy the State license requirements. Since the falsity of that representation and all the other elements of fraud, were fully pleaded, this cause of action should also have been sustained (*see, Stewart v Jackson & Nash*, 976 F2d 86 [2d Cir]).

Defendant points to evidence it has offered in the record, seeking to show that it acted as merely an employment agency, with no assurances to plaintiffs that they would be successfully placed. While such proof, as well as its factual challenge to the complaint, are matters that can be set up in the answer, they have no pertinence to the sufficiency of the complaint. Concur—Rosenberger, Wallach and Williams, JJ.

Murphy, P. J., and Tom, J., dissent in a memorandum by Tom, J., as follows: I respectfully dissent and vote to affirm the judgment of the IAS Court.

Defendant Therapists Unlimited, L. P. ("Therapists") is a limited partnership that specializes in the placement of speech, physical and occupational therapists. In May 1993, each of the plaintiffs received a Master of Arts degree in speech/language pathology from New York University. In order to be licensed by New York State, however, plaintiffs were required to complete a one-year clinical program, known as a Clinical Fellowship Year, in an accredited health care facility or school and achieve a Certificate of Clinical Competence.

Plaintiffs claim that in March and April 1993, prior to graduation, defendant represented to each of them that it "had existing contractual agreements with numerous health care facilities and public and private schools in the New York metropolitan area which would ensure that plaintiffs would each be placed in a quality, state of the art facility for her Clinical Fellowship Year and be paid by defendant an annual salary of $43,600 plus fringe benefits."

Plaintiffs contend that in April 1993, they accepted the offer of employment made by defendant and refused alternative offers to pursue Therapists' option. Plaintiffs thereafter received neither employment nor the concomitant benefits and, as a result, allegedly went unemployed for a "considerable time" before accepting positions for far less remuneration.

Plaintiffs subsequently commenced the underlying action by the service of a summons and complaint and interposed two causes of action asserting fraudulent inducement and breach of contract, respectively. Defendant moved, pursuant to CPLR 3211 (a) (1), (5) and (7), to dismiss the complaint in its entirety and by decision and order dated September 23, 1994, the IAS Court granted the motion.

In order to properly plead a cause of action in fraud, there must be allegations of a representation of a material fact, the falsity of that representation, knowledge by the party that the representation was false when made, justifiable reliance by the plaintiff and resulting injury (*Monaco v New York Univ. Med. Ctr.*, 213 AD2d 167, 169; *Callas v Eisenberg*, 192 AD2d 349, 350; *Lanzi v Brooks*, 54 AD2d 1057, *affd* 43 NY2d 778). Each of the foregoing elements must be supported by factual allegations sufficient to satisfy CPLR 3016 (b) (*Megaris Furs v Gimbel Bros.*, 172 AD2d 209, 209-210; *Edison Stone Corp. v 42nd St. Dev. Corp.*, 145 AD2d 249, 257).

"A fraud claim is not sufficiently stated where it alleges that a defendant did not intend to perform a contract * * * when he made it" (*Gordon v De Laurentiis Corp.*, 141 AD2d 435, 436; *see also, Sabo v Delman*, 3 NY2d 155; *Sanyo Elec. v Pinros & Gar Corp.*, 174 AD2d 452, 453). A party who claims to have been fraudulently induced to enter a contract, however, may join a fraud claim with one for breach of the same contract, but can do so only if the misrepresentation alleged is " 'of present fact, not of future intent' (*Citibank v Plapinger*, 66 NY2d 90, 94) collateral to, but which was inducement for the contract" (*Deerfield Communications Corp. v Chesebrough-Ponds, Inc.*, 68 NY2d 954, 956; *Eastman Kodak Co. v Roopak Enters.*, 202 AD2d 220, 222; *Shlang v Bear's Estates Dev.*, 194 AD2d 914, 915).

In view of the foregoing, I agree with the IAS Court that plaintiffs failed to state a cause of action for fraudulent inducement. Plaintiffs' action is, in essence, based on defendant's breach of promises to offer future employment which is predicated on alleged misrepresentations of future intent and therefore, may not be maintained as an action in fraud (*see, e.g., Adzick v AGS Computers*, 160 AD2d 530).

Defendant's alleged misrepresentations of future events are also not actionable since plaintiffs had knowledge that defendant did not unilaterally control the occurrence of the events. Plaintiffs were well aware of defendant's status as a referral agency unconnected to, and with no control over, the entities with which plaintiffs would have had to interview and be accepted as employees. In addition, plaintiffs' allegations of fraudulent misrepresentation are hopelessly intertwined and overlap their breach of contract claim and the failure to keep contractual promises of future acts is merely a breach of contract properly enforced in an action on contract (*Zolotar v New York Life Ins. Co.*, 172 AD2d 27, 32; *Tesoro Petroleum Corp. v Holborn Oil Co.*, 108 AD2d 607, *appeal dismissed* 65 NY2d 637; *Wegman v Dairylea Coop.*, 50 AD2d 108, 113, *lv dismissed* 38 NY2d 918).

Further, plaintiffs have failed to allege that they have sustained damages in addition to those which they should have anticipated in the event of a breach (*Damon & Co. v Softkey Software Prods.*, 811 F Supp 986, 992; *Americana Petroleum Corp. v Northville Indus. Corp.*, 200 AD2d 646, 648).

I also conclude that the IAS Court correctly dismissed the breach of contract cause of action. It is well settled that "absent an agreement establishing a fixed duration, an employment relationship is presumed to be a hiring at will, terminable at any time by either party" (*Sabetay v Sterling Drug*, 69 NY2d 329, 333; *Murphy v American Home Prods. Corp.*, 58 NY2d 293, 300; *Feeney v Marine Midland Banks*, 180 AD2d 477, 478, *lv denied* 80 NY2d 753) and it is only in the event that plaintiffs can establish that a written agreement exists which limits the employer's right of termination that the principles of employment-at-will are inapplicable (*Weiner v McGraw-Hill, Inc.*, 57 NY2d 458, 461; *Zolotar v New York Life Ins. Co., supra*, at 30; *Martin v New York Life Ins. Co.*, 148 NY 117, 121).

In the matter at bar, the alleged contract's reference to a "Clinical Fellowship Year" does not set forth a fixed duration but, rather, refers to the position, or requirement, which the plaintiffs needed to fulfill prior to being awarded licenses. Further, even though the defendant's memorandum stated a fixed annual salary of $43,600 per year, this, too, does not establish a contract for a fixed period of time (*Matter of Tyson v Hess*, 109 AD2d 1068, 1069, *affd* 66 NY2d 943).

Accordingly, I vote to affirm.