■ In the Matter of FRANK MACINA, JR., Appellant, v NORTH SALEM CENTRAL SCHOOL DISTRICT, Respondent. [633 NYS2d 596]

—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent dated November 9, 1993, terminating the petitioner's employment, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Leavitt, J.), entered June 17, 1994, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner was employed by the respondent as a cleaner. On November 9, 1993, following prior disciplinary warnings, the petitioner's employment was terminated because of an incident that had taken place while he was working at the North Salem Middle/High School. Thereafter, the petitioner commenced this proceeding pursuant to CPLR article 78 claiming, *inter alia*, that the determination terminating his employment should be annulled because he had been deprived of his right to pre-termination and post-termination hearings and a name-clearing hearing. The Supreme Court dismissed the proceeding. We affirm.

The petitioner was not entitled to pre-termination or post-termination hearings pursuant to Civil Service Law § 75 because he held an unclassified and at-will position *(see,* Civil Service Law § 75; *Matter of Tyson v Hess,* 109 AD2d 1068, *affd* 66 NY2d 943). Moreover, the petitioner did not have a constitutionally protected property interest entitling him to such a hearing *(see, Cleveland Bd. of Educ. v Loudermill,* 470 US 532; *Matter of Ragone v Board of Educ.,* 194 AD2d 731).

The petitioner was not entitled to a name-clearing hearing as there has been no public disclosure of any allegations affecting the petitioner's good name or reputation *(see, Meyers v City of New York,* 208 AD2d 258; *cf., Brandt v Board of Coop. Educ. Servs.,* 820 F2d 41).

The action taken by the respondent in terminating the petitioner's employment was not arbitrary and capricious because the record shows that there was a rational basis for it, and the termination was carried out in good faith *(see, Matter of Juan v County of Suffolk,* 209 AD2d 523). Balletta, J. P., Ritter, Copertino and Pizzuto, JJ., concur.