■ JACK CIVILETTI, Appellant, v INDEPENDENCE SAVINGS BANK, Respondent. [653 NYS2d 142] —In an action to recover damages, *inter alia,* for breach of contract, the plaintiff appeals from an order of the Supreme Court, Kings County (G. Aronin, J.), entered January 23, 1995, which granted the defendant's motion to dismiss the complaint.

Ordered that the order is affirmed, with costs.

In 1973 the plaintiff commenced employment with the South Brooklyn Savings Bank, the predecessor in interest to the defendant Independence Savings Bank (hereinafter the bank) as an at-will employee. In 1989 the plaintiff signed a "Staff Member's Confirmation [of] Code of Ethical Conduct [of the] Independence Savings Bank", which set forth rules of conduct for bank employees. Incorporated therein was a synopsis of the "Federal Bank Bribery Act" (Bank Bribery Amendments Act of 1985 [18 USC § 215]). The plaintiff was terminated from his employment in 1990 as a result of an internal investigation by the bank into violations of Federal currency transaction reporting rules.

It has long been the rule in this State that there is no cause of action for wrongful discharge of an at-will employee unless the termination of employment is constitutionally impermissible or statutorily proscribed, or unless there is an express limitation in the individual's contract of employment *(see, Murphy v American Home Prods. Corp.,* 58 NY2d 293, 300; *Weiner v McGraw-Hill, Inc.,* 57 NY2d 458; *Cleffi v Crescent Beach Club,* 222 AD2d 642; *Feeney v Marine Midland Banks,* 180 AD2d 477; *General Elec. Tech. Servs. Co. v Clinton,* 173 AD2d 86).

The plaintiff failed to demonstrate a constitutionally impermissible purpose behind the termination of his employment, nor any statutory proscription against it, nor did he establish any express limitation curbing the bank's right to terminate his employment. The Code of Ethical Conduct, which contained no limitation on the bank's right to discharge an at-will employee and merely set standards for employee conduct, cannot give rise to an action for wrongful termination *(see, Sabetay v Sterling Drug,* 69 NY2d 329; *Dickstein v Del Labs.,* 145

AD2d 408). Nor is there any merit to the plaintiff's argument that he stated a cause of action for breach of contract because the bank violated an implied-in-law duty of good faith *(see, Sabetay v Sterling Drug, supra,* at 335; *cf., Wieder v Skala,* 80 NY2d 628).

Accordingly, the Supreme Court properly granted the defendant's motion to dismiss the complaint for failure to state a cause of action (CPLR 3211 [a] [7]). Thompson, J. P., Santucci, Friedmann and Luciano, JJ., concur.