■ In the Matter of LILLIAN ROBERTS, as Executive Director of District Council 37, American Federation of State, County & Municipal Employees, AFL-CIO, et al., Appellants, v CITY OF NEW YORK et al., Respondents. In the Matter of LILLIAN ROBERTS, as Executive Director of District Council 37, American Federation of State, County & Municipal Employees, AFL-CIO, et al., Appellants, v CITY OF NEW YORK et al., Respondents. [800 NYS2d 672]—

Judgment (denominated an order), Supreme Court, New York County (Lewis Bart Stone, J.), entered February 4, 2004, dismissing the petitions bearing index numbers 127943/02 (*Roberts I*) and 103953/03 (*Roberts II*), unanimously affirmed, without costs.

Provisional employees "may be terminated at any time" (*Matter of Preddice v Callanan,* 69 NY2d 812, 814 [1987]) unless "terminated in violation of a constitutional provision or some statute" (*id.; see also Matter of State Div. of Human Rights v County of Onondaga Sheriff's Dept.,* 71 NY2d 623 [1988]). Petitioners allege that respondents violated various statutes and

article V, § 6 of the New York State Constitution. However, petitioners were not terminated in violation thereof.

Three of the four provisions on which the *Roberts II* petitioners rely (NY Const, art V, § 6; Civil Service Law § 50 [1]; § 61 [1]) have nothing to do with terminations. While respondents retained petitioners beyond the statutory time limits in Civil Service Law § 65 (2) and (3), they did not terminate petitioners in violation thereof. In *Roberts I*, the alleged constitutional violation is the hiring of private contract workers, not the termination of petitioners. Similarly, the alleged violation of Social Services Law § 336-c (2) (e) is the use of welfare recipients participating in a work experience program, not the termination of petitioners.

*Roberts II* involves only provisional employees, and was properly dismissed. *Roberts I* identifies 250 provisional employees, specifically, 85 clerical associates, 73 clerical aides, 48 secretaries, 25 bookkeepers, 11 computer specialists and 8 computer technicians, for a total of 250 employees. The remaining 44 workers identified as being scheduled for termination are noncompetitive employees.* Because employees in the noncompetitive class are not protected by the Civil Service Law (*see Garner v Gunn*, 131 AD2d 632 [1987]; *Matter of Tyson v Hess*, 109 AD2d 1068, 1069-1070 [1985], *affd* 66 NY2d 943 [1985]), *Roberts I* was also properly dismissed. Concur—Tom, J.P., Andrias, Marlow, Sullivan and Catterson, JJ.

* The subsequent references to "259" provisional employees and a total of "303 employees targeted for layoff" in the petition are apparently the result of typographical error as they are otherwise unexplained.