■ In the Matter of JOHN P. BRUEN, Appellant, v JOSEPH LHOTA et al., Respondents. [979 NYS2d 672]—

In a proceeding pursuant to CPLR article 78 to review a determination of the respondent New York City Transit Authority, dated November 30, 2011, denying the petitioner's request for a lump sum payment for unused vacation and sick leave, the petitioner appeals from a judgment of the Supreme Court, Kings County (Rothenberg, J.), dated November 9, 2012, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner challenges the denial by the respondent New York City Transit Authority (hereinafter NYCTA), without a formal hearing pursuant to Civil Service Law § 75, of his request for a lump sum payment for unused leave based on his election to retire in response to an investigation into certain timekeeping violations which he subsequently was found to have committed.

Contrary to the petitioner's contention, the denial of his request for a lump sum payment without first affording him a formal disciplinary hearing pursuant to Civil Service Law § 75 was not improper. The respondents demonstrated that the petitioner was not covered by Civil Service Law § 75, since he held a non-competitive class title which had been designated as confidential or policy-influencing (*see* Civil Service Law § 75 [1] [c]). Thus, he was not entitled to the protections of the statute (*see generally Matter of Roberts v City of New York*, 21 AD3d 329 [2005]; *Matter of Macina v North Salem Cent. School Dist.*, 221 AD2d 538 [1995]; *Garner v Gunn*, 131 AD2d 632 [1987]). Similarly, the petitioner failed to establish a constitutionally protected property interest in the conditional benefit which he sought (*see generally Ware v City of Buffalo*, 186 F Supp 2d 324 [2001]).

The NYCTA's determination denying the petitioner's request was in accordance with its established policy and was neither arbitrary and capricious nor so disproportionate to the offense as to be shocking to one's sense of fairness (*see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222 [1974]). Mastro, J.P., Rivera, Sgroi and Cohen, JJ., concur.