Babalola v Terry Vegetarian, LLC (2021 NY Slip Op 05317)





Babalola v Terry Vegetarian, LLC


2021 NY Slip Op 05317


Decided on October 6, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 6, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ANGELA G. IANNACCI
LINDA CHRISTOPHER
JOSEPH A. ZAYAS, JJ.


2019-04546
 (Index No. 5461/15)

[*1]Ifeoluwa Babalola, appellant,
v
Terry Vegetarian, LLC, et al., respondents.


Ifeoluwa Babalola, Brooklyn, NY, appellant pro se.
John T. Maher, New York, NY (Diana Jarvis of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for wrongful discharge, the plaintiff appeals from an order of the Supreme Court, Kings County (Peter P. Sweeney, J.), dated February 15, 2019. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff, who applied for a job at the defendants' restaurant and was offered paid training sessions in contemplation of potential employment, commenced this action alleging, inter alia, that she was wrongfully discharged from employment when the defendants cancelled the training sessions. The defendants moved for summary judgment dismissing the complaint, which motion was granted by order dated February 15, 2019. The plaintiff appeals.
"It has long been the rule in this State that there is no cause of action for wrongful discharge of an at-will employee unless the termination of employment is constitutionally impermissible or statutorily proscribed, or unless there is an express limitation in the individual's contract of employment" (Civiletti v Independence Sav. Bank, 236 AD2d 436, 436; see Smalley v Dreyfus Corp., 10 NY3d 55, 58; Minovici v Belkin BV, 109 AD3d 520, 522).
Here, the defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that the plaintiff was, at best, an at-will employee and that her employment was not impermissibly terminated. In opposition, the plaintiff failed to raise a triable issue of fact.
The plaintiff's remaining contentions are without merit.
Accordingly, the defendants' motion was properly granted.
DILLON, J.P., IANNACCI, CHRISTOPHER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court