■ EDWARD J. LASALLE, Appellant, v BOARD OF EDUCATION OF BRIDGEHAMPTON UNION FREE SCHOOL DISTRICT, Respondent. [919 NYS2d 524]—

The plaintiff was a retired school teacher who sought a teaching position at the defendant school district subsequent to his retirement. In order to employ the plaintiff as a teacher, the defendant school district was required to obtain a waiver from the New York State Department of Education (hereinafter the NYSED) pursuant to the Retirement and Social Security Law §§ 211 and 212. If the plaintiff's waiver was not approved, his earnings could not exceed the statutory annual earnings limitation of $27,500, which was the sum applicable to him (*see* Retirement and Social Security Law §§ 211, 212). The plaintiff signed a salary notification for the 2006-2007 school year containing a notation that the salary was "pending NYS waiver for Retiree." In addition, a resolution of the board of education of the school district (hereinafter the school board) hiring the plaintiff as a teacher recited that the hiring was "effective" September 5,

2006. The resolution did not contain an end date for the period of employment, and stated that confirmation of the plaintiff's hiring was "pending NYS Education Department waiver for employment of retiree." Moreover, a letter from the superintendent of the school district to the plaintiff, informing the plaintiff of his hiring, stated that he was hired "effective September 5, 2006, pending NYS Education Department waiver for employment of retiree," and also did not contain an end date for the period of employment.

The school district submitted a waiver application in June 2006, which was denied on August 1, 2006, and it resubmitted a waiver application in September 2006. The plaintiff began teaching on September 5, 2006. However, by early November 2006, the plaintiff's waiver had still not been approved by the NYSED, and his salary was reaching the annual statutory earnings limitation. The plaintiff was given several options, which included placement of his retirement benefits on hold, resignation prior to the date when his salary would reach the statutory earnings limitation, or termination of employment. The plaintiff resigned on November 7, 2006, the school board accepted his resignation on November 15, 2006, and his retirement waiver was approved by the NYSED thereafter. The plaintiff then commenced this action against the school board to recover damages for breach of contract and wrongful termination of employment.

"New York law is clear that absent 'a constitutionally impermissible purpose, a statutory proscription, or an express limitation in the individual contract of employment, an employer's right at any time to terminate an employment at will remains unimpaired.' Thus, either the employer or the employee generally may terminate the at-will employment for any reason, or for no reason" (*Smalley v Dreyfus Corp.*, 10 NY3d 55, 58 [2008] [citation omitted], quoting *Murphy v American Home Prods. Corp.*, 58 NY2d 293, 305 [1983]).

Under the particular circumstances of this case, "[t]he fact that compensation [wa]s measured by a specific period of time [did] not render the employment a hiring for a specific term" (*Matter of Tyson v Hess*, 109 AD2d 1068, 1069 [1985], *affd* 66 NY2d 943 [1985]; *see Todd v Grandoe Corp.*, 302 AD2d 789, 790 [2003]; *Matter of LaShure v Board of Educ. of Town of Webb Schools*, 167 AD2d 852 [1990]; *cf. Levey v Leventhal & Sons*, 231 AD2d 877 [1996]; *Gabriel v Therapists Unlimited*, 218 AD2d 614, 616 [1995]).

Accordingly, the Supreme Court properly determined that the defendant established its prima facie entitlement to judgment as a matter of law dismissing the complaint. In opposition, the plaintiff failed to raise a triable issue of fact.

The plaintiff's remaining contentions are without merit.

Accordingly, the defendant's motion for summary judgment dismissing the complaint was properly granted. Rivera, J.P., Angiolillo, Eng and Sgroi, JJ., concur. 