■ In the Matter of ROBERT KAEFER, Appellant-Respondent, v NEW YORK STATE OFFICE OF PARKS, RECREATION AND HISTORICAL PRESERVATION, Respondent-Appellant. [956 NYS2d 140]—

The petitioner was employed by the New York State Office of Parks, Recreation and Historical Preservation (hereinafter OPRHP) as a seasonal lifeguard at Jones Beach State Park for 18 summers. In July 2005, he had to undergo an emergency appendectomy. Upon returning to work, his supervisor asked for a doctor's note stating that the petitioner was fit to return to work. The petitioner could not get a note from his own doctor for several days, and instead he gave his employer two fraudulent doctor's notes.

The petitioner's supervisors discovered the fraud, and informed the petitioner that he would be subject to a disciplinary hearing. The hearing was subsequently cancelled, and the petitioner completed the 2005 season as a lifeguard. However, OPRHP refused to rehire him in 2006, and determined that he was banned from any future employment as a lifeguard.

The petitioner commenced the instant CPLR article 78 proceeding, alleging that OPRHP's refusal to rehire him was arbitrary and capricious in that, inter alia, it had failed to adhere to its policies and procedures. The Supreme Court determined that OPRHP had violated its policies and procedures by failing to complete the disciplinary proceeding, and it ordered OPRHP to do so. The court further determined that the petitioner could not seek an award of an attorney's fee unless he prevailed in the disciplinary proceeding.

The Supreme Court erred when it determined that OPRHP had violated its policies and procedures by failing to complete the disciplinary proceeding. OPRHP chose not to discipline the petitioner during the 2005 season and, therefore, it did not need to continue the disciplinary proceeding. Once the 2005 season ended, the petitioner ceased to be OPRHP's employee. Since, absent a constitutionally impermissible purpose, under New York law, an employer may terminate an at-will employee at any time, for any reason, or for no reason (see Smalley v Dreyfus Corp., 10 NY3d 55, 58 [2008]; Murphy v American Home Prods. Corp., 58 NY2d 293, 305 [1983]; LaSalle v Board of Educ. of Bridgehampton Union Free School Dist., 82 AD3d 1167, 1168 [2011]), it follows that an employer may refuse to rehire a seasonal at-will employee. Thus, OPRHP was not obligated to rehire the petitioner the following year, and its decision not to do so did not constitute discipline and did not require the completion of a disciplinary proceeding.

In light of our determination that the proceeding should be dismissed, the appeal by the petitioner has been rendered academic. Eng, P.J., Skelos, Lott and Cohen, JJ., concur.